USDC SCAN INDEX SHEET










CGL 5/20/05 14:33

3:05-CV-01057 NIRIN V. GALLISON

*1*

*CMP.*

ROBERT L. RENTTO (42655)
DAVID A. RENTTO (198030)
Rentto & Rentto Prof. Law Corp.
110 West "C" Street, Suite 1503
San Diego, CA 92101-7901
Telephone: (619) 238-1002

Attorneys for Plaintiff




**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

NEIL M. NIRIN, M.D,

Plaintiff,

v.

HAROLD BAILEY GALLISON, SR. aka HAROLD B. GALLISON, SR. and SHARILYN L. GALLISON,

Defendants.

No. '05 CV 1057 WQH (NLS)

COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER AND FOR DECLARATORY RELIEF

Plaintiff NEIL M. NIRIN, M.D., alleges:

FIRST CAUSE OF ACTION
(To Set Aside Fraudulent Transfer)

1. Plaintiff NEIL M. NIRIN, M.D. is and at all times herein mentioned was a citizen of the State of Pennsylvania.

2. Defendants HAROLD BAILEY GALLISON, SR. aka HAROLD B. GALLISON, SR. and SHARILYN L. GALLISON are and at all times herein mentioned were citizens of the State of California and residents of this judicial district.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332.

4. Plaintiff NEIL M. NIRIN, M.D., is a creditor of defendant

HAROLD BAILEY GALLISON, SR. aka HAROLD B. GALLISON, SR. On or about 10/18/04, judgment was entered in the U.S. District Court for the Western District of Pennsylvania in favor of plaintiff NEIL M. NIRIN, M.D. against defendant HAROLD B. GALLISON, SR. in the amount of $667,000 plus interest at the rate of six percent from 4/2/02 to the present. An appeal was taken from such judgment, which appeal was dismissed by order entered on 12/21/04. Plaintiff now has registered said judgment in this district as Case No. 05 MC 331.

5. On or about 7/20/00, defendants HAROLD B. GALLISON, SR. and SHARILYN L. GALLISON as co-trustees under the Gallison Family Trust dated 7/5/00 owned real property (the "Subject Property") commonly identified as 2874 Torrey Pines Road, La Jolla, CA 92037 and more particularly described in Exhibit A attached hereto and incorporated herein by reference. On or about 5/21/03, defendant HAROLD B. GALLISON, SR. conveyed the Subject Property by quitclaim deed to defendant SHARILYN L. GALLISON fraudulently, wrongfully and unlawfully with actual intent to hinder, delay or defraud plaintiff.

6. Alternatively, on or about 5/21/03, defendant HAROLD B. GALLISON, SR. conveyed the Subject Property by quitclaim deed to SHARILYN L. GALLISON fraudulently, wrongfully and unlawfully without receiving a reasonably equivalent value in exchange for the transfer and he either was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction, or he intended to incur, or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

7. Alternatively, on or about 5/21/03, defendant HAROLD B. GALLISON, SR. fraudulently, wrongfully and unlawfully transferred the Subject Property by quitclaim deed to defendant SHARILYN L. GALLISON without receiving a reasonably equivalent value in exchange for the transfer and he was insolvent at that time or he became insolvent as a result of the transfer.

SECOND CAUSE OF ACTION
(Declaratory Relief re Title)

8. Plaintiff incorporates Paragraphs 1 through 7 of his First Cause of Action at this place as a part of his Second Cause of Action.

9. An actual controversy has arisen and now exists in that plaintiff contends that title to the Subject Property is such that it is available to satisfy his judgment against HAROLD BAILY GALLISON, SR. aka HAROLD B. GALLISON, SR. and is subject to his judgment lien and defendants contend that title thereto is such that it is not so available or so subject.

10. A declaratory judgment is necessary. The parties hereto desire a judicial determination of their rights and duties in that regard. Such a judicial determination is necessary and appropriate at this time.

WHEREFORE, Plaintiff requests judgment;

1. That said conveyance from defendant HAROLD B. GALLISON, SR. to defendant SHARILYN L. GALLISON be declared void;

2. That title to the Subject Property be declared and determined to be in defendants as Trustees of the Gallison Family Trust dated 7/5/00.

3. That plaintiff's judgment be declared to be a lien on the

Subject Property and that plaintiff be permitted to foreclose said lien;

4. And for costs of suit herein and such other relief as the Court may deem proper.

RENTTO & RENTTO
Professional Law Corporation

By:________________________
Robert L. Rentto
Attorneys for Plaintiff

EXHIBIT A

8110

EXHIBIT "I"

A CONDOMINIUM COMPOSED OF:

PARCEL 1:

AN UNDIVIDED 1/29TH FRACTIONAL INTEREST AS TENANT -IN-COMMON IN AND TO:

LOTS 1 AND 2 OF LA JOLLA SHORES GLEN, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA ACCORDING TO MAP THEREOF NO. 12708, FILED IN THE OFFICE OF THE SAN DIEGO COUNTY RECORDER ON SEPTEMBER 9, 1990.

EXCEPTING THEREFROM ALL PHASE SEPARATE-INTERESTS-IN SPACE (PAE 1 AND PAE 2) AND LIVING UNITS AS SHOWN UPON THE DEFINED IN THE CONDOMINIUM PLAN OF ST TROPES AT LA JOLLA SHORES, RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO, CALIFORNIA, ON JANUARY 26, 1993, AS DOCUMENT NO. 1993-0047993;

AND RESERVING THEREFROM EXCLUSIVE EASEMENTS TOGETHER WITH THE RIGHT TO GRANT THE SAME TO OTHERS OF ALL THOSE AREAS DESIGNATED AS "EXCLUSIVE USE COMMON AREAS", SHOWN UPON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

PARCEL 2:

AN UNDIVIDED 1/20THS FRACTIONAL INTEREST AS TENANT-IN-COMMON IN AND TO THE PHASE "1" (PAE 1) SEPARATE-INTEREST -IN-SPACE AS SHOWN UPON AND DEFINED IN THE ABOVE DESCRIBED CONDOMINIUM PLAN;

EXCEPTING THEREFROM ALL LIVING UNITS LOCATED THEREIN AS SHOWN UPON THE CONDOMINIUM PLAN REFERRED TO ABOVE;

AND FURTHER RESERVING THEREFROM FOR THE BENEFIT OF THE OWNERS OF LIVING UNITS LOCATED IN PHASE "2" ("PAE 2"), AS SHOWN UPON THE CONDOMINIUM LAN REFERRED TO ABOVE, NONEXCLUSIVE EASEMENTS ON, OVER AND UNDER THE PHASE COMMON AREAS AS DEFINED AND SHOWN UPON THE CONDOMINIUM PLAN REFERRED TO ABOVE FOR INGRESS, EGRESS AND RECREATIONAL USE, SUBJECT TO THE TERMS AS MORE PARTICULARLY SET FORTH IN THE DECLARATION OF RESTRICTIONS TO WHICH REFERENCE IS HEREAFTER MADE, EXCEPTING FROM THE PHASE COMMON AREA ANY RESIDENTIAL BUILDINGS THEREON AND ANY PORTION THEREOF WHICH IS DESIGNATED AS AN EXCLUSIVE USE COMMON AREA. THE ON-EXCLUSIVE EASEMENTS RESERVED HEREIN SHALL BECOME EFFECTIVE AS TO PHASE 1 UPON RECORDATION IN THE OFFICE OF THE SAN DIEGO COUNTY RECORDER OF A

NOTICE OF COMPLETION OF ALL IMPROVEMENTS LOCATED IN PHASE 2, AND, FURTHER, SUBJECT TO SATISFACTION OF THE CONDITIONS AND RESTRICTIONS SET FORTH IN RECITAL K OF THE DECLARATION RECORDED JANUARY 26, 1993 AS DOCUMENT NO 1993-0047994, OFFICIAL RECORDS.

PARCEL 3:

LIVING UNIT NO. LU 12 AS SHOWN AND DEFINED UPON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

PARCEL 4:

EXCLUSIVE EASEMENTS APPURTENANT TO PARCELS 1, 2 AND 3 DESCRIBED ABOVE, WHICH ARE DESIGNATED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE AS "DECK, GARAGE, PATIO AND ENTRY EXCLUSIVE USE COMMON AREAS" BEARING THE SAME NUMBER AS THE LIVING UNIT DESCRIBED IN PARCEL 3 ABOVE.

PARCEL 5:

THE EXCLUSIVE RIGHT TO THE USE, POSSESSION AND OCCUPANCY OF THE PORTION OF PARCEL A DESCRIBED ABOVE WHICH IS DESIGNATED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE AS PARKING SPACE EXCLUSIVE USE COMMON AREAS PS ________, WHICH IS APPURTENANT AND ASSIGNED TO PARCEL 3 ABOVE DESCRIBED.

PARCEL 6:

A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS AND RECREATIONAL USE, ON, OVER AND UNDER THE PHASE COMMON AREA OF PHASE "2" (PAE 2), AS SHOWN UPON THE CONDOMINIUM PLAN REFERRED TO ABOVE EXCEPTING THEREFROM ANY RESIDENTIAL BUILDINGS THEREON AND ANY PORTION THEREOF WHICH IS DESIGNATED AS AN EXCLUSIVE USE COMMON AREA, WHICH NON-EXCLUSIVE EASEMENT SHALL BE APPURTENANT TO PARCELS 1, 2 AND 3 DESCRIBED ABOVE. THE NON-EXCLUSIVE EASEMENTS IN FAVOR OF PARCELS 1, 2 AND 3 AS TO SUCH PHASE 2 SHALL BECOME EFFECTIVE UPON RECORDATION IN THE OFFICE OF THE SAN DIEGO COUNTY RECORDER OF A NOTICE OF COMPLETION OF ALL IMPROVEMENTS LOCATED IN SUCH PHASE 2, AND FURTHER SUBJECT TO SATISFACTION OF THE CONDITIONS AND RESTRICTIONS SET FORTH IN RECITAL K OF THE DECLARATION TO WHICH REFERENCE IS MADE IN PARCEL 2, ABOVE.

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 113859 - A1
May 17, 2005

| Code | Case # | Qty | Amount |
|---|---|---|---|
| CV086900 | 3-05-CV-1057 | | 60.00 CH |
| Judge | - HAYES | | |
| CV510000 | | | 190.00 CH |

Total-> 250.00

FROM: CIVIL FILING
NIRIN V. GALLISON ET AL
CK# 9731
MS

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
NEIL M. NIRIN, M.D.,

**DEFENDANTS** FILED
HAROLD ~~BAILEY~~ GALLISON, SR. aka HAROLD B. GALLISON, SR. and SHARILYN L. GALLISON,

05 MAY 17 PM 3:04
'05 CV 1057 WQH (NLS)
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ________
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ________
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ROBERT L. RENTTO (#42655)
DAVID A. RENTTO (#198030)
Rentto & Rentto PLC
110 West "C" Street, Suite 1503
San Diego, CA 92101

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III) cgl

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 cgl | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State cgl | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(PLACE AN "X" IN ONE BOX ONLY)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [X] 370 Other Fraud cgl
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence

HABEAS CORPUS:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [X] 890 Other Statutory Actions (crossed out)

**V. ORIGIN** *(PLACE AN "X" IN ONE BOX ONLY)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) 28 USC § 1332 Complaint to Set Aside Fraudulent Transfer and for Declaratory Relief

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** ________ CHECK YES only if demanded in complaint: **JURY DEMAND:** [ ] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ________ DOCKET NUMBER ________

DATE: May 17, 2005
SIGNATURE OF ATTORNEY OF RECORD: [signature] Robert L. Rentto

FOR OFFICE USE ONLY

RECEIPT # 113859 AMOUNT 250— APPLYING IFP MF JUDGE ________ MAG. JUDGE ________